IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WYRICK,<br><br>            Petitioner,<br><br>   vs.<br><br>RANDY GROUNDS, Warden,<br><br>            Respondent. | No. C 11-2109 JSW (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court dismisses it for failure to set forth a cognizable claim for relief, and grants the application for leave to proceed in forma pauperis.

## BACKGROUND

Petitioner was convicted in Alameda County Superior Court of robbery and penetration with a foreign object, and found to have suffered two prior "strike" convictions. He was sentenced to a term of 65 years to life in state prison under California's "Three Strikes" law. The California Court of Appeal affirmed his conviction, and the California Supreme Court denied a petition for review. Petitioner then filed the instant federal petition.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner raises two claims in his petition: (1) that his prior "strike" conviction for burglary in 1990 suffered from a due process violation; and (2) that he received ineffective assistance of counsel at sentencing.

Petitioner's first claim is not cognizable. A petitioner challenging in habeas the validity of an expired conviction which he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the custody requirement, even if he is no longer in custody for the prior conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). Such a challenge is construed as an attack on the petitioner's current confinement or sentence. *Id.* (challenge to constitutionality of 1958 expired conviction construed as challenge to current 1978 sentences enhanced by 1958 conviction). However, the expired conviction itself cannot be challenged in an attack upon the later sentence it was used to enhance. *Id.* at 403-04 (prior conviction cannot be challenged in a § 2254 petition). With respect to state convictions, the Court stated:

> "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the

2

ground that the prior conviction was unconstitutionally obtained."
*Id.* at 403-04 (citation omitted). The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963), *see id.* at 404, but Petitioner does not challenge his prior conviction on those grounds. Accordingly, under *Coss*, Petitioner may not challenge the validity of his prior conviction in the instant petition, and his first claim will be dismissed.

In his second claim, Petitioner contends that he received ineffective assistance of counsel at sentencing. he Supreme Court has not decided what standard should apply to counsel's performance in non-capital sentencing proceedings. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005). *Strickland* declined to "'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance,'" and no later Supreme Court decision has done so, either. *Id.* (quoting *Strickland*, 466 U.S. at 686). Consequently, there is no clearly established Supreme Court precedent governing ineffective assistance of counsel claims in the noncapital sentencing context, and as a result, under 28 U.S.C. § 2254(d), habeas relief is not available based upon a claim of ineffective assistance of counsel at sentencing. *See Davis v. Grigas*, 443 F.3d 1155, 1158-59 (9th Cir. 2006); *Cooper-Smith*, 397 F.3d at 1244-45. Accordingly, Petitioner's second claim does not present a cognizable claim for federal habeas relief and will be dismissed.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED for failure to state a cognizable claim for relief. In light of Petitioner's lack of funds, the application for leave to proceed in forma pauperis is GRANTED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a

3

reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

IT IS SO ORDERED.

DATED: May 6, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY WYRICK,

    Plaintiff,

v.

RANDY GROUNDS et al,

    Defendant.
    _____/

Case Number: CV11-02109 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Timothy Wyrick
K-76270
P.O. Box 689
Soledad, CA 93960

Dated: May 6, 2011

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk